# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**SHAWN DOUGLAS MOFFETT # 395956**                                             **PLAINTIFF**

**VERSUS**                                           **CIVIL ACTION NO. 1:16cv402-RHW**

**TYLER HAILEY and**
**HARRISON COUNTY**                                                   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are motions for summary judgment filed February 15, 2018 by Deputy Tyler Hailey [49] and Harrison County [53] in this 42 U.S.C. § 1983 prisoner civil rights lawsuit filed by Shawn Douglas Moffett. Hailey claims he is entitled to summary judgment on grounds of sovereign and qualified immunity, and the County contends Moffett has failed to make a prima facie showing of municipal liability under § 1983. Moffett filed a combined response to the motions on March 1, 2018. [62] Neither Defendant filed a reply, and the matter is now ripe for ruling. At the *Spears*/omnibus hearing held August 30, 2017, all parties consented to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and FED.R.CIV.P. 73, and the case was reassigned to the undersigned for all purposes. [29]

### Facts and Procedural History

Gulfport Police Department arrested Shawn Moffett for an April 22, 2016 carjacking and leaving the scene of an accident causing injury. The affidavits for arrest state that a woman stopped her car and jumped out of it as Moffett crawled into the vehicle through the sunroof; that Moffett fled in the car, crashing into two other cars, and causing serious injury to a woman in the second car with which he collided. [52-2, pp. 2-14] Moffett sustained a neck fracture in the collision(s), for which he was hospitalized and treated. On April 29, 2016, he was booked into the Harrison County Adult Detention Center (HCADC) for the charges. He was also held for

violating the terms of his post-release supervision for a conviction of statutory rape in Lamar County. [52-2, pp. 30, 44-45] Moffett was indicted for the carjacking and leaving the scene charges on August 31, 2016. [52-2, p. 84] He remains confined at HCADC.

Moffett filed the present lawsuit November 7, 2016, alleging Deputy Hailey used excessive force on him in a July 4, 2016 incident which occurred around 8:00 p.m. at HCADC. Moffett alleges the unit where he was housed at HCADC had no toilet or sink available on the bottom tier in his assigned area (foyer 182), so he had gone to foyer 180.[1] Moffett admitted during the omnibus hearing that he had been in foyer 180 earlier in the day and Hailey told him he was in an unauthorized area and ordered him to leave and return to his housing area. [52-5, pp. 32-35] Hailey's written report regarding the incident notes that Moffett is a violent felony inmate, and the unauthorized area where he had gone housed non-violent felony inmates.[2] [52-1, p. 2] When Deputy Hailey again found Moffett in foyer 180 around 8:00 p.m., he again told Moffett he was in an improper area and ordered him to return to his assigned foyer. Hailey reported that Moffett was making statements that he would go when he got ready; that he was not going to his foyer; that he was going to use the restroom; that he should "beat [Hailey's] f***ing ass;" that he should "swing on [Hailey's] bitch ass right now;" that they could "handle this right now, take all your gear off and step in the back cell," and that Moffett tried to pull away from and push past Hailey. [52-1, p. 2] Hailey walked Moffett back to his foyer, radioed for the foyer to be secured and started to walk away, but Moffett stopped in the doorway "trying to explain to Hailey the restroom procedures." Hailey turned back, told Moffett to get out of the doorway and

---

[1] Moffett claims he could not go to the upstairs bathroom in his area; that someone in the jail medical department told him not to go up steps. He testified any such restrictions would be in his jail medical file; that no outside doctor had placed such restrictions on him. [52-5, pp. 28-29, 39-40] Although he has been provided copies of his inmate file and jail medical records, he has identified no entry in those records supporting his testimony, and the undersigned saw none.

[2] Moffett admitted in the hearing that he is classified a violent offender, and was assigned to a foyer for violent offenders. [52-5, p. 24]

stated he would spray him if he did not do so. Moffett claims he "put his hands behind [his] back in a non-threatening position and continued to explain...," and Hailey pushed Moffett in the chest, again telling him to get out of the doorway. According to Moffett, only the presence of other inmates prevented his falling to the floor when Hailey pushed him. Moffett alleges he was not wearing his neck brace[3] when this happened, and his head snapped forward "making a loud popping sound." According to Moffett, Hailey called for back-up, then "used excessive force to restrain [him]." Moffett claims he suffered from "severe spinal and neck injuries, causing many unstable moments throughout the following weeks." [1], [7], [52-5, pp. 17-19] Moffett has not produced or identified any evidence to support an allegation that he was injured on July 4, 2016.

According to his records, Moffett had just had a CT scan on June 28, 2016. He refused medication at 0341 on July 5, 2016, just hours after the incident.[4] There was no mention of the July 4, 2016 incident at his July 8, 2016 neurological follow-up appointment; and the neurologist stated on August 30, 2016, that his neck looked fine and there was no need for follow-up. [52-2, pp. 43, 52, 63, 79] Although Moffett testified he "had to stay in [the medical unit] an additional three months" because of the incident [52-5, p. 20], his records show he was released to the block on August 11, 2016. [52-2, p. 78]

Moffett claims Harrison County is responsible for Deputy Hailey's actions and is liable for failing to protect him from injury. Moffett seeks payment for pain and suffering, and assault

---

[3] On May 13, 2016, the doctor told Moffett to keep the neck brace on at all times. [52-2, p. 32] Moffett admitted he was supposed to be wearing it on July 4, 2016. [5-5, p. 14]

[4] In fact, his medical records show Moffett refused or did not need his medications from July 4 through July 26, 2016. [52-3, pp. 24-25]

charges against Hailey.[5] [7], [52-5, p. 23] In support of their dispositive motions, Defendants submitted the transcript of the August 30, 2017 omnibus hearing [52-5], Hailey's original report of the incident [52-1], Moffett's inmate records [52-2] and medical records [52-3], and a video of the incident. [52-4]

## Summary Judgment Standard

Rule 56, FED.R.CIV.P., requires that a motion for summary judgment be granted "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Material facts are those which might affect the outcome of the suit under governing law; a genuine dispute exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On a motion for summary judgment, the Court views the evidence and draws reasonable inferences most favorably to the non-moving party. *Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 940 (5th Cir. 2005). The party with the burden of proof at trial bears the burden of proof at the summary judgment stage. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).

One seeking summary judgment must identify those portions of pleadings and discovery on file and any affidavits which he believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 325. Once the movant carries this burden, the burden shifts to the non-movant to show summary judgment should not be granted. The non-movant may not rest upon mere allegations or denials, but must set forth specific facts showing there is a genuine issue for trial by either submitting opposing evidentiary documents or referring to evidentiary documents

---

[5]Moffett has no constitutional right to compel a criminal prosecution through this § 1983 lawsuit. *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citations omitted).

already in the record which demonstrate the existence of a genuine issue of material fact. *Celotex*, 477 U.S. at 324-325; *Reese v. Anderson*, 926 F.2d 494, 498 (5th Cir. 1991); *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (non-movant "must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response."). Conclusory allegations, unsubstantiated assertions or the presence of a scintilla of evidence, will not suffice to create a real controversy regarding material facts. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990); *Hopper v. Frank*, 16 F.3d 92, 97-98 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Discussion

The Eighth Amendment of the United States Constitution protects convicted inmates from cruel and unusual punishment; the Fourteenth Amendment Due Process Clause protects pretrial detainees from being punished prior to conviction. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015).[6] In his response to Defendants' motions, Moffett claims violation of his Eighth Amendment rights, and contends the video of the incident shows Hailey used force "maliciously and sadistically for the very purpose of causing harm to the plaintiff." [62] To act "maliciously" means to intentionally do a wrongful act without just cause or excuse, with an intent to inflict injury or under circumstances that show an evil intent. Hailey urges the force used in this case was applied in a good faith effort to maintain or restore discipline and was reasonable under the circumstances. Factors considered in determining whether a jailer's actions unnecessarily and wantonly inflicted pain on a prisoner include (1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury suffered,

---

[6] At the time of the incident, Moffett was a pretrial detainee on the carjacking and leaving the scene charges, and a convicted felon being held on a warrant for violating post-release supervision.

(4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the forceful response. *Whitley v. Albers*, 106 S.Ct. 1078, 1085 (1986). Applying these factors to the case at bar leads the Court to conclude that Moffett has failed to carry his burden of showing a genuine issue of material fact that Hailey violated his constitutional rights.

It is undisputed that Deputy Hailey put his hand on Moffett's chest when Moffett refused to stay in his assigned area. Moffett says Hailey shoved him; Hailey says he used his hand to guide Moffett back into his foyer; the video shows Hailey pushed Moffett from the doorway back into his housing unit. To prevail on his claim against Hailey, Moffett had the burden to show Hailey's actions were objectively unreasonable under the circumstances then and there existing. It is undisputed that (1) Hailey had ordered Moffett to leave the unauthorized area and return to his foyer earlier in the day; (2) Moffett returned to the unauthorized area again that evening; (3) Hailey again ordered him out of the area and to return to his foyer; (3) with his hand on Moffett's back, Hailey "guided" him out of the unauthorized area and back to his assigned foyer;[7] (4) Hailey reported Moffett was making threats as he was returned to his foyer; (5) after Hailey got Moffett back to his assigned area, and was walking away, Moffett would not let the matter rest, but came out into the dayroom following behind Hailey, who turned and again took Moffett back to his foyer; (6) Hailey repeatedly told Moffett to get out of the doorway; (7) Moffett was convicted of a Major RVR for refusing to follow orders and threatening another with bodily harm, and was sentenced to seven days in lockdown for this incident. [52-2, pp. 49, 56, 57].

The undersigned finds from the evidence presented, including the video of the incident, that Moffett has failed to show Hailey used excessive or unreasonable use of force in his efforts to make Moffett return to and stay in his assigned area. The video supports the finding that

---

[7] Even Moffett testified to this. [52-5, p. 35]

Hailey was simply trying to gain control of this non-compliant, belligerent and disorderly inmate in the interest of institutional discipline, security, and the safety of jail staff and other inmates. This finding is further supported by the lack of evidence of any appreciable physical injury, Moffett's failure to request medical attention, and his consistent refusal of medications following the incident, all of which is reflected in his records. The Court is satisfied that the evidence, including the video, fails to show a constitutional violation. In any event, and regardless of whether Moffett's claim is under the Eighth or Fourteenth Amendment, the Court finds Hailey entitled to qualified immunity from suit in this case because his conduct was objectively reasonable under the circumstances.

The doctrine of qualified immunity protects officers from civil liability for damages where their challenged conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). "When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 131 S. Ct. 2074, 2074 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). It was not Hailey's burden to demonstrate that he did not violate Moffett's clearly established federal rights. *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997). Rather, Moffett had the burden to rebut the qualified immunity defense by establishing that Hailey's conduct violated a statutory or constitutional right which was clearly established at the time of the challenged conduct. *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (holding officials entitled to qualified immunity on summary judgment unless Plaintiff has brought forth evidence showing a genuine issue of material fact that the officer's conduct violated a constitutional right and that the officer's actions were

objectively unreasonable in light of clearly established law). Moffett has not met this burden. Finally, any official capacity claim against Hailey would properly be against the County rather than the individual officer. *See*, *Moore v. Carroll County*, Miss., 960 F.Supp. 1084, 1087 n. 3 (N.D. Miss. 1997) (official capacity claims against governmental agents/officers are essentially claims against the governmental entity itself). The Court will therefore grant Hailey's motion.

Harrison County asserts that Moffett has failed to present a prima facie case of municipal liability. For the reasons which follow, the Court agrees. A municipality may be held liable under § 1983 when its official policies or customs violate the Constitution, and the policy or custom causes the constitutional tort. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). However, "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* Municipalities can be held liable under § 1983 only for "their *own* illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). To state a claim against the County under § 1983, Moffett was required to allege (1) the existence of a policymaker, and (2) an official policy or custom (3) which is the moving force behind a constitutional violation. *Doe v. Covington County Sch. Dist.*, 675 F.3d 849, 866 (5th Cir. 2012); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Moffett's allegations fail to meet any of these requirements. Both his pleadings and his hearing testimony make it clear that his claim against the County is that the County should be liable for the acts of its deputies. [7], [52-5, pp. 22-23] Because this provides no sufficient foundation for § 1983 liability, Harrison County's motion will also be granted. Judgment will be entered in favor of both defendants.

**SO ORDERED,** this the 24th day of August, 2018.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE